**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: QUALCOMM ANTITRUST LITIGATION** MDL No. 2773

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in the *Bornstein* action listed on Schedule A and pending in the Northern District of California move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of four actions pending in the Northern District of California and three actions pending in the Southern District of California, as listed on Schedules A and B.[1] The parties also have notified the Panel of twenty-nine actions involving related issues pending in these two districts.[2]

The responding parties take a number of positions in response to the motion. Plaintiff Apple Inc., which is pursuing an individual action in the Southern District of California asserting contract, patent, and antitrust claims, opposes inclusion in the proposed MDL. Alternatively, Apple suggests centralization in the Southern District of California. Plaintiffs in nineteen actions and potential tag-along actions support centralization, but are split as to whether the Northern or Southern Districts of California should be the transferee district. Defendant Qualcomm Incorporated (Qualcomm) supports centralization in the Southern District of California. If the Panel were to centralize this litigation elsewhere, Qualcomm asks that Apple's action be excluded from the MDL. Finally, the

---

[*] Judge Charles R. Breyer took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Movants initially requested centralization of an enforcement action filed by the Federal Trade Commission (FTC) in the Northern District of California. Both the FTC and numerous parties opposed transfer of this action based on 28 U.S.C. § 1407(g), which prohibits transfer of "any action in which the United States is a complainant arising under the antitrust laws." Movants subsequently withdrew their request to include the FTC's action in the proposed MDL.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2. Defendant Qualcomm Incorporated has indicated that it opposes inclusion of two of these actions, which assert securities fraud claims, in this MDL. This opposition, though, is premature. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011). Should the Panel issue an order conditionally transferring these actions to the MDL, Qualcomm at that time may move to vacate the conditional transfer order. *See* Panel Rule 7.1.

FTC has indicated that it does not oppose centralization of this litigation (but not its enforcement action) in the Northern District of California.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Qualcomm: (1) refused to license, or alternatively imposed onerous restrictions on licenses of, its standard essential patents (SEPs) to competing manufacturers of baseband processors; (2) conditioned the supply of its CDMA and premium LTE processors to cellular phone manufacturers on agreements to purchase a license for Qualcomm's entire patent portfolio; (3) entered into exclusive deals with certain cellular phone manufacturers (namely, Apple); and (4) ignored the requirements of various standard setting organizations to license its SEPs on fair, reasonable, and non-discriminatory (FRAND) terms. Plaintiffs in all the actions listed on Schedule A assert similar claims for violations of federal and state antitrust and consumer protection laws. And all of these actions involve overlapping putative nationwide classes of cell phone purchasers. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that Apple's action, listed on Schedule B, should be excluded from this MDL. Although Apple asserts antitrust claims similar to those asserted by plaintiffs in the actions listed on Schedule A, it also asserts unique contract and patent claims against Qualcomm. Apple allegedly entered into a rebate program in order to ameliorate the effects of Qualcomm's anticompetitive conduct. Apple seeks nearly $1 billion in unpaid rebates that were allegedly withheld by Qualcomm in retaliation for Apple's responding to requests for information by certain foreign antitrust regulators. Apple also claims that certain of Qualcomm's patents are either not essential or not licensed on FRAND terms. While Apple will seek to obtain some of the same documentary and testimonial evidence relating to Qualcomm's licensing practices as the class plaintiffs, we are convinced that any common discovery can be coordinated among the parties and the involved courts, whereas inclusion of Apple's action in the MDL could significantly complicate the proceedings and cause delay or other inefficiencies.[3]

---

[3] Apple's contract with Qualcomm contains a forum selection clause specifying that this action be tried in the Southern District of California. Such forum selection clauses do not limit the Panel's authority under Section 1407. *See In re Park W. Galleries, Inc., Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1378, 1379 (J.P.M.L. 2009). If Apple's action were transferred to the MDL, though, operation of the forum selection clause would result in claim construction of the subject patents being conducted by the transferee court in the Northern District of California and any trial of those claims proceeding in the Southern District of California. Where, as here, coordination of common discovery is feasible, it is unnecessary to disrupt the orderly litigation of these patent claims.

The Northern District of California is the appropriate transferee district for this litigation. Four of the actions on the motion (as well as twenty potential tag-along actions) are pending in this district. Also pending in the district is the FTC's enforcement action. Thus, centralization in the Northern District of California will facilitate coordination of discovery and other pretrial activities between the FTC action and the private actions. Additionally, many potential witnesses in this litigation (such as Apple's employees and those of other cell phone manufacturers) are located in or near the Northern District of California. The district also will be convenient for the third parties and witnesses based in Asia (where a number of foreign government investigations of Qualcomm's licensing practices have been conducted or are underway). This district thus presents a convenient and accessible forum with the necessary judicial resources and expertise to manage this litigation efficiently. By appointing the Honorable Lucy H. Koh to preside over this matter, we select a jurist with multidistrict litigation experience and the ability to steer this complicated litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for coordinated or consolidated pretrial proceedings; and

IT IS FURTHER ORDERED that transfer of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah Vance

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: QUALCOMM ANTITRUST LITIGATION** MDL No. 2773

**SCHEDULE A**

Northern District of California

BORNSTEIN, ET AL. v. QUALCOMM INCORPORATED, C.A. No. 5:17−00234
STROMBERG, ET AL. v. QUALCOMM INCORPORATED, C.A. No. 5:17−00304
MCMAHON v. QUALCOMM INCORPORATED, C.A. No. 5:17−00372
BOARDSPORTS SCHOOL LLC v. QUALCOMM INCORPORATED, C.A. No. 5:17−00398

Southern District of California

MILLER v. QUALCOMM INCORPORATED, C.A. No. 3:17−00147
MACKAY, ET AL. v. QUALCOMM INCORPORATED, C.A. No. 3:17−00148

**IN RE: QUALCOMM ANTITRUST LITIGATION** MDL No. 2773

**SCHEDULE B**

Southern District of California

APPLE INC. v. QUALCOMM INCORPORATED, C.A. No. 3:17−00108